UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ELIANE ALFONSO,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | )<br>)<br>)<br>) CASE NO. 8:25-cv-02197-JLB-CPT<br>)<br>)<br>)<br>) AUG 19 2025 AM10:08<br>) FILED - USDC - FLMD - TPA<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff and for her Complaint against Defendant, alleges as follows:

### I.   INTRODUCTION

1. This action arises from violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), committed by Experian Information Solutions Inc. ("Experian"), concerning the mishandling of Plaintiff's consumer credit information

### II.   JURISDICTION AND VENUE



1

2. This Court has personal jurisdiction over Defendant Experian because it regularly conducts business in the State of Florida, including furnishing consumer credit reports to individuals and entities within this state.

3. Venue is proper in Hillsborough County, Florida, because the Defendant regularly and systematically conducts business in Hillsborough County, Florida.

### III.   PARTIES

4. Plaintiff is a natural person residing in Hillsborough County, Florida.

5. Plaintiff is a consumer as defined by 15 USC 1681a(c).

6. Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California 92626.

7. Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

8. Experian as a CRA is aware of its obligations under the FCRA.

2

## IV. FACTUAL ALLEGATIONS

### July 2025 Consumer Disclosure

9. On or about July 23rd, 2025, Plaintiff requested a copy of her consumer credit disclosure from Experian. *See Exhibit A*

10. Pursuant to 15 USC 1681g(a), upon receipt of Plaintiff's request, Experian was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of her request, with the limited exception that her Social Security Number could be truncated upon request.

11. Experian provided an electronic copy of Plaintiff's consumer disclosure via annualcreditreport.com.

### Incomplete Account Numbers, Incomplete Account Information, and Incomplete Payment History

12. Experian omitted the full account numbers, missing account information and payment history relating to the Merrick Bank Corp Tradeline making matters worse and even more confusing to the Plaintiff.

13. Upon information and belief, the data furnisher reported the full account numbers, missing account information, and payment history belonging to their respective accounts to Experian.

14. This information was contained within Experian's file regarding Plaintiff at the time of her request.

3

15. When Experian produces and sells reports regarding Plaintiff to third parties, the full account numbers, missing account information, and payment history are included in their reports.

16. Experian demonstrates their ability to comply with 15 USC 1681g(a) when it reports the information to third parties accurately and completely.

17. Experian breached its duty to Plaintiff having to disclose ALL of the information regarding the Plaintiff accounts by failing to provide the account numbers, missing account information, and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in her file.

18. Without access to this information, a consumer is left either trying to piece things together like a detective or blindly guessing whether their report is accurate.

19. Upon information and belief, the data furnishers referenced above reported full account numbers, incomplete account details, and payment histories to Experian, and this information was part of Experian's file on Plaintiff at the time she requested her consumer disclosure.

20. Due to widespread systemic issues, Experian's automated systems routinely omit all but the last two or four digits of account numbers reported by data furnishers.

21. Experian is aware of this issue but has failed to take any meaningful steps to correct it.

22. Experian's failure to disclose full account numbers violates the FCRA's mandate that a consumer reporting agency clearly and accurately disclose all information contained in a consumer's file. See *Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 2492006, at *4 (M.D. Tenn. June 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

23. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff would have acted on the received information. Therefore, Article III requirement of injury-in-fact [was] satisfied.

24. The lack of accurate and complete account numbers caused Plaintiff significant frustration and emotional distress as she attempted to understand her credit report and reconcile it with her own records.

25. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000, "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear'_ disclosure of all information "in the file". *See Exhibit B.*

26. Experian's omission the full account numbers severely hinders a consumer's ability to comprehend their credit disclosure, identify the accounts, and accurately match them to their personal records.

27. Upon information and belief, Experian disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

28. Upon information and belief, this same template is used virtually every time a consumer requests their file from Experian through www.annualcreditreport.com.

29. Upon information and belief www.annualcreditreport.com is the location where majority of consumers obtain their Experian credit disclosure.

6

30. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and incomplete payment history.

31. Thus, every consumer with accounts appearing with incomplete information in their disclosure who requested their disclosure from Experian through www.annualcreditreport.com since the template's use began received an incomplete consumer disclosure with the same errors as Plaintiff.

32. Experian's errors has therefore likely affected thousands of consumers.

33. Experian has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

34. Experian's knowing and repeated conduct warrants an award of punitive damages.

35. Experian's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

36. Plaintiff has a right to a full and complete disclosure of the contents of her file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j

37. Experian's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived her of this right.

## V. CLAIMS FOR RELIEF
## COUNT I
## VIOLATIONS OF THE FCRA

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

39. Experian violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a Consumer, all of the information in his file at the time of the request. Specifically, Experian disclosed one (1) account reported without disclosing the full account number, missing account information and payment history or three (1) account also without the full account numbers, missing account information and payment history even though full account numbers, missing account information and payment history were reported by the data furnishers.

40. Experian knowingly provided inaccurate and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

41. Experian is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus costs.

42. Alternatively, Experian's conduct was negligent, and Experian is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter judgment against Experian for:

a. The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

Respectfully submitted on August 12th, 2025, by:

/s/Eliane Alfonso
Eliane Alfonso

7911 Jackson Springs Rd<br>
Tampa, FL 33615<br>
Hillsborough County, Florida<br>
elianealfonso9894@gmail.com<br>
(813) 625-3255

**ATTACHED EXHIBIT LIST**
A. Plaintiff's Experian   Consumer Disclosure, July 2025
B. FTC Opinion Letter
C. Plaintiff's Letter Showing Incomplete Data From Exhibit A